IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IVAN KEITH GRAY, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 24-00141-KD-B |
| | * |
| CITY OF EVERGREEN, ALABAMA, | * |
| *et al.*, | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants Stanley B. Stallworth, Kenny Edwards, and Jerry Caylor's motion to dismiss Plaintiff Ivan Keith Gray's amended complaint and memorandum in support (Docs. 3, 4). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendants' motion to dismiss (Doc. 3) be **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND

On March 8, 2024, Plaintiff Ivan Keith Gray ("Gray") commenced this action by filing a complaint in the Circuit Court of Conecuh County, Alabama. (Doc. 1-2 at 2-13). On the same day, Gray filed an amended complaint, which is now his operative pleading. (Id. at 15-27).

In his amended complaint, Gray names as Defendants the City of Evergreen, Alabama ("City of Evergreen"), its mayor, Stanley B. Stallworth ("Stallworth"), and two members of its city council, Kenny Edwards ("Edwards") and Jerry Caylor ("Caylor"). (Id. at 15). Gray sues Defendants Stallworth, Edwards, and Caylor in their individual and official capacities. (Id. at 19).

Gray, who is "African-American," alleges that he was hired as chief of police for the City of Evergreen by a vote of the city council on August 1, 2023. (Id. at 16, 20). However, Gray alleges that Mayor Stallworth subsequently "unlawfully removed [Gray] from his being hired as City of Evergreen Chief of Police and instead at the City Council Meeting on August 15, 2023, the Mayor, acting in concert with" Defendants Edwards and Caylor "over the objection of other council members and without the actions of other council members," appointed "a less qualified white applicant" as the City of Evergreen's chief of police. (Id. at 16, 19-21).

Gray asserts that he was the victim of "employment discrimination on the basis of race," and that Defendants' actions violated federal and Alabama law and failed to comport with his rights to due process and equal protection under the law. (Id. at 16, 21-27). Gray asserts the following four causes of action: (1) "Employment Discrimination: Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq."; (2) "Employment Discrimination, Title 42 U.S.C. Section 1983 Claim Equal

2

Protection"; (3) "Employment Discrimination, Title 42 U.S.C. Section 1981 Claim"; and (4) "Due Process Violation; Declaratory Judgment Relief; Mandamus Relief." (Id. at 22-27).

Defendants removed the action to this Court on May 3, 2024. (Doc. 1). On May 8, 2024, Defendants Stallworth, Edwards, and Caylor (collectively, the "Individual Defendants") filed the instant motion to dismiss Gray's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), along with a memorandum of law in support. (Docs. 3, 4).[1] Gray filed a response in opposition to the motion to dismiss (Doc. 12), and the Individual Defendants filed a reply in support of their motion. (Doc. 13). Therefore, the Individual Defendants' motion to dismiss has been fully briefed and is ripe for resolution.

II. **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

---

[1] Defendant City of Evergreen filed an answer to Gray's amended complaint on May 8, 2024. (Doc. 5).

3

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). "If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." LeFrere v. Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009).

When evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017). That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

**III. DISCUSSION**

**A. Title VII - Individual Capacity Claims**

In his first cause of action, Gray asserts that the "City of Evergreen, by and through its officials, specifically the named

4

individual defendants, engaged in actions tantamount to employment discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, a amended by the Civil Rights Act of 1991." (Doc. 1-2 at 22). The Individual Defendants argue that Gray's Title VII claims against them as alleged in his first cause of action are due to be dismissed "because there is no individual liability under Title VII." (Doc. 3 at 2; Doc. 4 at 3-4).

The Individual Defendants are correct that "as a matter of law, there is no individual liability under Title VII." Perkins v. Kushla Water Dist., 21 F. Supp. 3d 1250, 1260 (S.D. Ala. 2014), aff'd, 598 F. App'x 899 (11th Cir. 2015) (per curiam); see Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (stating that individuals "cannot be held liable under . . . Title VII"). "Relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company." Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006). Accordingly, "[a] municipal officer may not be sued in his individual capacity under Title VII." Wiant v. Mobile Cnty. Pers. Bd., 1992 U.S. Dist. LEXIS 2833, at *8, 1992 WL 510313, at *3 (S.D. Ala. Mar. 5, 1992) (citing Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam) (holding that Title VII claims against a municipal officer must be made against that officer in his official capacity, and not in his

individual capacity)); see Gomez v. City of Doral, 2022 U.S. App. LEXIS 85, at *6 n.2, 2022 WL 19201, at *3 n.2 (11th Cir. Jan. 3, 2022) (per curiam) ("To the extent Gomez seeks to hold Mayor Bermudez liable in his individual capacity under Title VII, this argument fails. Our court has held that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act.") (quotations omitted); Perkins, 21 F. Supp. 3d at 1260 ("Individual employees and board members are not subject to liability under Title VII."). In his response to the present motion, Gray concedes "there is no individual liability under Title VII." (Doc. 12 at 1). Accordingly, to the extent Gray's Title VII claims are asserted against Defendants Stallworth, Edwards, and Caylor in their individual capacities, they are due to be dismissed.

### B. Official Capacity Claims

The Individual Defendants argue that Gray's claims against them in their official capacities are also due to be dismissed as unnecessary and duplicative because "a suit against Individual Defendants in their official capacity is essentially the same as a suit against the City of Evergreen." (Doc. 3 at 2; Doc. 4 at 4-5). In his response, Gray states that "where the plaintiff alleges claims and causes of action relative to constitutional law violations in his Second, Third and Fourth Cause of Action, the defendants in their individual capacity may be sued and to that

extent the defendants' motion to dismiss is due to be denied." (Doc. 12 at 1). However, Gray does not contest the Individual Defendants' motion for dismissal of his official capacity claims. (See id.).

When a plaintiff sues a local government officer in his or her official capacity, "the suit is simply another way of pleading an action against an entity of which an officer is an agent." Busby, 931 F.2d at 776 (quotations omitted). "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly . . . ." Id. "In reliance on this notion, courts in this Circuit routinely and overwhelmingly deem suits against both a local government official in his official capacity and the entity of which the officer is an agent to be redundant, and dismiss the official-capacity claims against the individual defendant on that basis." M.R. v. Bd. of Sch. Comm'rs of Mobile Cty., 2012 U.S. Dist. LEXIS 99535, at *9, 2012 WL 2931263, at *2 (S.D. Ala. July 18, 2012); see, e.g., Btesh v. City of Maitland, 2010 U.S. Dist. LEXIS 19815, at *14, 2010 WL 883642, at *5 (M.D. Fla. Mar. 5, 2010) ("When identical Section 1983 claims are made against both a governmental entity and the entity's officers, employees, or agents in their official capacities, courts should

dismiss the claim against the named individual defendants in their official capacities as 'redundant and possibly confusing to the jury.'") (quoting Busby, 931 F.2d at 776); Irving v. Enter. Rent-A-Car, 2007 U.S. Dist. LEXIS 117055, at *22, 2007 WL 9702315, at *8 (N.D. Ga. Feb. 16, 2007) ("[T]o the extent that Plaintiff brought § 1981 claims against the individual Defendants in their official capacities, Plaintiff's § 1981 claims against the individual Defendants in their official capacities are redundant and due to be dismissed."), report and recommendation adopted, 2007 U.S. Dist. LEXIS 117041, 2007 WL 9702295 (N.D. Ga. May 7, 2007).

The Court notes that a plaintiff "may bring a Title VII suit against an individual in his official capacity." Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008); see Busby, 931 F.2d at 772. However, an official capacity suit against an individual officer under Title VII "is the same as a suit against the employer." Wheeles, 559 F. Supp. 2d at 1267. Thus, Title VII suits against municipal officers in their official capacities may be dismissed as redundant where the municipality is a properly named defendant in the lawsuit. See Moss v. W & A Cleaners, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) ("[W]hile official-capacity suits against an employer's agents are proper, such suits are unnecessary where a plaintiff has also sued the employer. In other words, if a Title VII plaintiff names his or

8

her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action.").

Accordingly, to the extent the claims in Gray's first, second, third, and fourth causes of action are asserted against the Individual Defendants in their official capacities, they are due to be dismissed as unnecessary and duplicative of Gray's claims against the City of Evergreen.

**C.     Legislative Immunity**

Last, the Individual Defendants assert that Gray's remaining claims against them are due to be dismissed because they are entitled to absolute legislative immunity. (Doc. 3 at 2; Doc. 4 at 5). Specifically, the Individual Defendants argue:

> Eleventh Circuit case law establishes that municipal officers sued in their individual capacity are entitled to absolute immunity from suit if the challenged conduct was in furtherance of their legislative duties. Gray's claims against Individual Defendants concern Individual Defendants' alleged refusal to elect Gray as Chief of Police or their alleged discharge of him through their voting process at a City Council board meeting. The Eleventh Circuit has concluded that the vote of a city councilman constitutes an exercise of legislative decision-making, which entitles [a] city-council member to absolute immunity since voting is a legislative function.
> Because Individual Defendants' alleged actions furthered their legislative duties, the claims as alleged in Gray's Amended Complaint against Individual Defendants in their individual capacity are due to be dismissed.

(Doc. 4 at 5-6 (internal quotation marks and citations omitted)). In response, Gray argues that "[i]t is the nature of the act which

9

determines whether legislative immunity shields the individual from suit," and that the Eleventh Circuit has "distinguished between acts that are legislative in nature and thus shielded (like voting, speechmaking on the legislative floor, committee report, committee investigations and proceedings), and those that are not (like public distribution of press releases and newsletters, administration of penal facilities, and ***personnel decisions***)." (Doc. 12 at 2 (emphasis in original) (quotations omitted)).

Local legislators "enjoy absolute immunity when exercising functions 'in the sphere of legitimate legislative activity.'" Macuba v. DeBoer, 193 F.3d 1316, 1320 (11th Cir. 1999) (quoting Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998)). "It is the nature of the act which determines whether legislative immunity shields the individual from suit." Yeldell v. Cooper Green Hosp., Inc., 956 F.2d 1056, 1062 (11th Cir. 1992). "Only those acts which are 'necessary to preserve the integrity of the legislative process' are protected" by the doctrine of legislative immunity. Id. (quoting United States v. Brewster, 408 U.S. 501, 517 (1972)).

> "Legislative acts are those which involve policy-making decision of a general scope or, to put it another way, legislation involves line-drawing. Where the decision affects a small number or a single individual, the legislative power is not implicated, and the act takes on the nature of administration."

Id. at 1062-63 (quoting Ryan v. Burlington County, N.J., 889 F.2d 1286, 1290-91 (3d Cir. 1989)).

The Individual Defendants argue that they are entitled to legislative immunity for their "alleged refusal to elect Gray as Chief of Police or their alleged discharge of him through their voting process at a City Council board meeting" because "'voting is a legislative function.'" (Doc. 4 at 6 (quoting Arrington v. Dickerson, 915 F. Supp. 1503, 1508 (M.D. Ala. 1995)). Eleventh Circuit "cases have recognized that a legislator's vote constitutes the act of 'legislating,' and thus cloaks the legislator with immunity, *if* the vote is cast for or against the enactment of a law." Smith, 45 F.3d at 405 (emphasis in original) (internal citations omitted). However, the Eleventh Circuit Court of Appeals has "expressly rejected the argument that the act of voting, in itself, constitutes legislative action giving rise to immunity." Smith, 45 F.3d at 406 (citing Crymes v. DeKalb County, 923 F.2d 1482, 1485 (11th Cir. 1991)). Instead, it has recognized that "[w]hether the act is one that affects a wide population or sets a general policy, as distinct from an act affecting a single person or a narrow group, generally is the key that differentiates a legislative act from an administrative or executive act not covered by the immunity." Vestavia Plaza, LLC v. City of Vestavia Hills, Ala., 2013 WL 4804196, at *19 (N.D. Ala. Sept. 9, 2013) (citing Yeldell, 956 F.2d at 1062). The Eleventh Circuit has noted that, "[t]ypically, legislators' employment decisions are deemed administrative acts." Smith, 45 F.3d at 405 (holding that county

11

board's vote not to reappoint plaintiff and to appoint another person as its clerk was an administrative act not protected by legislative immunity); see Yeldell, 956 F.2d at 1062 (finding that county commissioner's "decisions to hire, fire, and demote certain individuals" were "administrative acts"); Bryant v. Nichols, 712 F. Supp. 887, 893 (M.D. Ala. 1989) ("[T]he city council's decision was not a policy decision that focused on such traditional legislative matters as the provision of city services, rather, it was a personnel action directed toward affecting the employment status of one individual. [Plaintiff's] complaints against [city officials] are better classified as challenging actions that were performed in the course of fulfilling administrative or managerial functions.") (internal citations omitted); see also Bogan, 523 U.S. at 55 (distinguishing between "the hiring or firing of a particular employee" and the legislative act of terminating a position, which "may have prospective implications that reach well beyond the particular occupant of the office").

The undersigned notes the similarities between the instant case and Robinson v. Alexander City, 2021 U.S. Dist. LEXIS 172002, 2021 WL 4134054 (M.D. Ala. Sept. 10, 2021), where an Alabama city's former police chief brought a civil rights racial discrimination

12

lawsuit[2] against the city, its mayor, and certain city council members in response to the city council's decision not to reappoint him as chief of police. 2021 U.S. Dist. LEXIS 172002, at *1, 2021 WL 4134054, at *1. In a motion for summary judgment, the defendant city council members asserted that they were entitled to legislative immunity because they were engaged in a legislative act by voting on appointments. Id., 2021 U.S. Dist. LEXIS 172002, at *13, 2021 WL 4134054, at *5. The court noted:

> The act of voting does not expressly give rise to legislative immunity and voting on an appointment "is not the sort of broad 'legislative' activity that is typically associated with grants of absolute immunity." [Smith, 45 F.3d at 405]. In contrast, a budgetary decision to eliminate an employment position is a legislative act, not an administrative one that warrants legislative immunity. See Bryant v. Jones, 575 F.3d 1281, 1306 (11th Cir. 2009) ("Unlike employee personnel decisions, the elimination of a public employment position does constitute a legislative act.").

Id., 2021 U.S. Dist. LEXIS 172002, at *14, 2021 WL 4134054, at *5. The court concluded "that the decision to not reappoint the Plaintiff was administrative in nature and is an employee personnel decision, more like that found in Smith than in Bryant." Id., 2021 U.S. Dist. LEXIS 172002, at *15, 2021 WL 4134054, at *5. Because it found that the city council's decision was

---

[2] Like Gray, the plaintiff in Robinson brought claims of race discrimination pursuant to Title VII and 42 U.S.C. § 1981, as well as a claim under 42 U.S.C. § 1983 alleging that the Defendants violated his constitutional right to equal protection under the law. See Robinson, 2021 U.S. Dist. LEXIS 172002, at *2, 2021 WL 4134054, at *1.

13

administrative rather than legislative in nature, it denied the council members' motion for summary judgment based on legislative immunity.  Id.

Here, the Individual Defendants ask the Court to focus on the fact that Gray was either discharged or not hired through a voting process at a city council meeting.  However, they point to nothing in Gray's pleading which indicates that the decision to hire another individual as police chief for the City of Evergreen was "general in nature" rather than "simply a decision regarding whom to hire."  See Smith, 45 F.3d at 406.  Nor do the Individual Defendants offer any discussion of the relevant laws or rules surrounding the hiring of a police chief for the City of Evergreen that would support the inference that their decision regarding Gray's employment was a legislative rather than an administrative function.  See Bryant, 712 F. Supp. at 890 (stating that "under [Alabama] state law, it appears that matters concerning employment decisions . . . are managerial functions and not legislative").  Thus, the Court cannot conclude at this juncture that the Individual Defendants are entitled to absolute legislative immunity for their decision not to hire or to discharge Gray as the City of Evergreen's police chief.  Accordingly, the Individual Defendants' motion to dismiss the claims asserted against them in their individual capacities in Gray's second, third, and fourth causes of action is due to be denied.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Individual Defendants' motion to dismiss Gray's amended complaint (Doc. 3) be **GRANTED in part** and **DENIED in part**, as follows:

The motion to dismiss Gray's Title VII claims against Defendants Stallworth, Edwards, and Caylor in their individual capacities as asserted in the first cause of action is due to be GRANTED, and Gray's Title VII claims against Defendants Stallworth, Edwards, and Caylor in their individual capacities are due to be DISMISSED with prejudice;

The motion to dismiss Gray's claims against Defendants Stallworth, Edwards, and Caylor in their official capacities as asserted in his first, second, third, and fourth causes of action is due to be GRANTED, and all of Gray's claims against Defendants Stallworth, Edwards, and Caylor in their official capacities are due to be DISMISSED with prejudice;

The motion to dismiss Gray's claims against Defendants Stallworth, Edwards, and Caylor in their individuals capacities as asserted in his second, third, and fourth causes of action based on absolute legislative immunity is due to be DENIED.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **September, 2024.**

                                                  **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**